Scott L. Rogers, Esq.
Nevada Bar No. 13574
Scott@MRIattorney.com
Will C. Mitchell Esq.
Nevada Bar No. 14403
Will@MRIattorney.com
**MITCHELL ROGERS INJURY LAW**
9480 S. Eastern Ave., Suite 236
Las Vegas, Nevada 89123
Telephone: (702) 702-2622
Facsimile: (702) 505-8860
*Attorneys for Plaintiff*

MITCHELL ROGERS INJURY LAW
MRI

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

SHERLINE NOBLE, individually

Plaintiff,

vs.

CMK 2300 CHARLESTON, LLC, a Foreign Corporation; REMEDY MEDICAL PROPERTIES, INC., a Foreign Corporation; UNITED HEALTHCARE SERVICES, INC., UNIVERSAL PROTECTION SERVICE, LLC dba ALLIED UNIVERSAL SECURITY SERVICES, a Foreign Corporation; DOES I-X; and ROE CORPORATIONS II-X, inclusive,

Defendants.

Case No.: 2:25-cv-01029-RFB-BNW

**SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, SHERLINE NOBLE, by and through her counsel of record, Scott L. Rogers, Esq. and Will C. Mitchell, Esq. of MITCHELL ROGERS INJURY LAW, alleges against Defendants as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff, SHERLINE NOBLE, at all times herein mentioned, is and was a resident of Clark County, Nevada.

2. Upon information and belief, at all times relevant hereto, Defendant CMK 2300 CHARLESTON, LLC ("CMK"), is and was a Foreign Limited-Liability Company, duly licensed and authorized to conduct business in Clark County, Nevada.

…

…

3. Upon information and belief, at all times relevant hereto, Defendant REMEDY MEDICAL PROPERTIES, INC. ("REMEDY"), is and was a Foreign Corporation, duly licensed and authorized to conduct business in Clark County, Nevada.

4. Upon information and belief, at all times relevant hereto, Defendant UNITED HEALTHCARE SERVICES, INC. ("UNITED"), is and was a Foreign Corporation, duly licensed and authorized to conduct business in Clark County, Nevada.

5. Upon information and belief, at all times relevant hereto, Defendant UNIVERSAL PROTECTION SERVICE, LLC dba ALLIED UNIVERSAL SECURITY SERVICES ("ALLIED"), is and was a Foreign Corporation, duly licensed and authorized to conduct business in Clark County, Nevada.

6. At all times relevant hereto, Defendants designated as DOES I-X and ROE CORPORATIONS II-X (the "DOE and ROE Defendants"), in their true capacities, whether individual, corporate, associate or otherwise of the Defendants named herein are unknown to Plaintiff who, therefore, sues said Defendants by said fictitious names. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated as DOES I-X and/or ROE CORPORATIONS II-X are responsible in some manner for the events and happenings referred to herein and caused damages proximately to Plaintiff as herein alleged. To the extent Plaintiff did not name a correct entity, Plaintiff will move to amend this Complaint to insert the true names and capacities of DOES I-X and ROE CORPORATIONS II-X when the same have been ascertained and to join such Defendants in this action.

7. At all relevant times, Defendants, and each of them, were the owners, agents, servants, partners, joint venturers, and/or employees of each and every other Defendant and were acting within the course and scope of their agency, partnership, joint venture, and/or employment, such that Defendants, and each of them, are liable for the negligence of each and every other Defendant.

8. Exercise of jurisdiction by this Court over Defendants in this action is appropriate because Defendants resided or conducted business in Nevada, continue to reside and conduct business in Nevada, committed torts in Nevada, and the amount in controversy is in excess of $15,000.00.

…



MITCHELL ROGERS INJURY LAW

MRI

MITCHELL ROGERS INJURY LAW
MRI

**GENERAL FACTUAL ALLEGATIONS**

9. Plaintiff incorporates and realleges the preceding paragraphs as though fully set forth herein.

10. Plaintiff is informed and believes, and thereon alleges, that at all relevant times, Defendant CMK owned, managed, controlled, or was otherwise responsible for the premises located at 2300 W. Charleston Blvd., Las Vegas, NV 89102 (the "Property") as well as the safety of invitees in and of this Property.

11. Plaintiff is informed and believes, and thereon alleges, that at all relevant times, Defendant REMEDY managed, controlled, or was otherwise responsible for the Property as well as the safety of invitees in and of this Property.

12. Plaintiff is informed and believes, and thereon alleges, that at all relevant times, Defendant UNITED managed, controlled, or was otherwise responsible for the Property as well as the safety of invitees in and of this Property.

13. Plaintiff is informed and believes, and thereon alleges, that at all relevant times, Defendant REMEDY and/or Defendant UNITED contracted ALLIED to provide security services for the Property, which services included ensuring the safety of the Property for guests, pedestrians and invitees by inspecting the Property for dangerous conditions, mitigating such dangerous conditions, and providing adequate warnings of such dangerous conditions.

14. Plaintiff is informed and believes, and thereon alleges, that at all relevant times, the DOE and ROE Defendants managed, controlled, or were otherwise responsible for the Property as well as the safety of invitees in and of this Property.

15. On or about January 31, 2023, Plaintiff was an invitee on the Property.

16. On or about January 31, 2023, Plaintiff was on the Property walking towards sliding glass doors marked "main entrance" when she slipped on a patch of ice that had accumulated on the Property (the "subject ice patch" or "the dangerous condition").

17. At all relevant times, the entrance was in a condition that was dangerous and hazardous to invitees such as Plaintiff, as several patches of ice had accumulated near the sliding glass doors marked "main entrance."

…

MITCHELL ROGERS INJURY LAW
MRI

18. That Defendants, and each of them, were aware of these patches of ice as there were "wet floor" signs on or adjacent to other patches of ice on the Property; however, there were no "wet floor" signs on or adjacent to the subject ice patch.

19. That the "wet floor" signs on or adjacent to other patches of ice on the Property did not serve to provide notice to invitees on the Property, such as Plaintiff, of the presence of the subject ice patch and dangerous condition of the same.

20. The dangerous condition on the Property caused Plaintiff to slip and fall, proximately causing severe injuries and damages to Plaintiff.

**FIRST CLAIM FOR RELIEF**
**(NEGLIGENCE)**

21. Plaintiff incorporates and realleges the preceding paragraphs as though fully set forth herein.

22. On or about January 31, 2023, Defendants, and each of them, exercised control over the Property.

23. At all relevant times, Defendants, and each of them, owed a duty to exercise due care to render the Property reasonably safe for its invitees and those entering the Property, including without limitation performing reasonable inspections to discover foreseeable dangerous and hazardous conditions and providing adequate warning to those who enter the Property of hazards actually or constructively known by the Defendants to exist.

24. At all relevant times, Defendants, and each of them, were on actual or constructive notice that the subject ice patch was dangerous and hazardous to those entering the Property, such as Plaintiff, in part because "wet floor" signed had been placed on or adjacent to other patches of ice on the Property, but not on the subject ice patch, rendering Plaintiff's injuries foreseeable.

25. At all relevant times, the Property, which Defendants, and each of them, owned, managed, controlled, or were otherwise responsible for, contained several medical offices, including but not limited to a cancer center, that treated ailing and elderly individuals, making injury arising from the presence of dangerous and hazardous conditions on the Property to invitees such as Plaintiff especially foreseeable.

…

MITCHELL ROGERS INJURY LAW
MRI

26. At all relevant times, Defendants, and each of them, breached their duty by negligently managing, maintaining, owning, or controlling the Property and allowing for the presence of a dangerous condition on the Property; which Defendants knew, or through the exercise of reasonable diligence should have known, posed a threat of injury and/or damage to Plaintiff.

27. At all relevant times, Defendants, and each of them breached their duty by negligently managing, maintaining, owning, or controlling the Property and failing to provide adequate warning of the dangerous condition on the Property.

28. As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff sustained injuries, trauma, pain and suffering, and shock to her system, and received medical and other treatment for her injuries that is continuing and ongoing, and may continue in the future, all to the damage of Plaintiff.

29. As a direct and proximate result of the negligence of this Defendant, Plaintiff has experienced limitations to her occupational and recreational activities, which have caused and shall continue to cause Plaintiff to have a loss of earning capacity, lost wages, physical impairment, mental anguish, and loss of enjoyment of life, in a presently unascertainable amount.

30. As a direct and proximate result of the negligence of this Defendant, Plaintiff sustained personal injuries, all or some of which conditions may be permanent and disabling, and all to Plaintiff's damage in a sum in excess of $15,000.00.

31. As a direct and proximate result of the negligence and wrongful acts of Defendants, and each of them, Plaintiff has been caused to retain MITCHELL ROGERS INJURY LAW to prosecute this matter and is entitled to reasonable attorney's fees and costs of suit herein.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For an award of general and special damages in excess of $15,000.00;
2. For an award of attorney's fees;
3. For costs of suit;

…

MITCHELL ROGERS INJURY LAW

MRI

4. For interest; and

5. For such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiff, by and through her undersigned counsel of record, demands a trial by jury on all claims so triable.

Dated this 27th day of October, 2025.

MITCHELL ROGERS INJURY LAW

/s/ Scott L. Rogers

Will C. Mitchell, Esq.
Nevada Bar No. 14403
Scott L. Rogers, Esq.
Nevada Bar No. 13574
9480 S. Eastern Ave., Ste. 236
Las Vegas, Nevada 89123
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**
***Noble v. CMK 2300 Charleston***

Pursuant to FRCP 5(b), I hereby certify that on this 27th day of October, 2025, a true and correct copy of the foregoing **PLAINTIFF'S SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** was served upon the following by the method indicated:

| | | |
|---|---|---|
| Bryan J. Ure, Esq.<br>Brittany Lyons, Esq.<br>MURCHISON & CUMMING<br>350 S. Rampart Blvd., Suite 320<br>Las Vegas, Nevada 89145<br>*Attorneys for Defendants CMK & Remedy* | ☐<br>☐<br>☐<br>☐<br>☒<br>☐ | via U.S. Mail<br>via Hand Delivery<br>via Facsimile<br>via Overnight Delivery<br>via CM/ECF<br>via Electronic Mail |

Steven Abbott, Esq.
Steven L. Foremaster, Esq.
LEWIS BRISBOIS BISGAARD & SMITH
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
*Attorney for Defendant United Healthcare*

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct.

/s/ Winde Goldstein
Employee of MITCHELL ROGERS INJURY LAW



MITCHELL ROGERS INJURY LAW
MRI