

Will C. Mitchell Esq.
Nevada Bar No. 14403
Will@MRIattorney.com
Scott L. Rogers, Esq.
Nevada Bar No. 13574
Scott@MRIattorney.com
**MITCHELL ROGERS INJURY LAW**
9480 S. Eastern Ave., Suite 236
Las Vegas, Nevada 89123
Telephone: (702) 702-2622
Facsimile: (702) 505-8860
*Attorneys for Plaintiff*

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| SHERLINE NOBLE, individually | Case No.: 2:25-cv-01029-RFB-BNW |
| Plaintiff, | |
| vs. | |
| CMK 2300 CHARLESTON, LLC, a Foreign Corporation; REMEDY MEDICAL PROPERTIES, INC., a Foreign Corporation; UNITED HEALTHCARE SERVICES, INC., a Foreign Corporation; UNIVERSAL PROTECTION SERVICE, LLC dba ALLIED UNIVERSAL SECURITY SERVICES, a Foreign Corporation; DOES I-X; and ROE CORPORATIONS II-X, inclusive, | **STIPULATION AND ORDER TO AMEND COMPLAINT TO SUBSTITUTE PARTIES** |
| Defendants. | |

IT IS HEREBY STIPULATED by and between the parties, through their counsel of record, that Plaintiff's Complaint be amended as follows:

(1) CBRE, INC. be substituted into this matter in the place of one of the ROE CORPORATION Defendant designations.

…

…

…

…

…

1

Plaintiff's Third Amended Complaint, which includes the amendment to which the parties have stipulated, is attached hereto as "**Exhibit 1.**" The parties, by and through their counsel of record, stipulate that the filing of Plaintiff's Third Amended Complaint constitutes service of the same on all parties who have already made an appearance in this action.

**IT IS SO STIPULATED.**

Dated this 27th day of January, 2026.

MITCHELL ROGERS INJURY LAW

/s/ Scott L. Rogers

_____
Will C. Mitchell, Esq.
Nevada Bar No. 14403
Scott L. Rogers, Esq.
Nevada Bar No. 13574
9480 S. Eastern Ave., Suite 236
Las Vegas, Nevada 89123
*Attorneys for Plaintiff*

Dated this 28th day of January, 2026.

WILSON ELSER MOSKOWITZ EDELMAN & DICKER

/s/ Chris Richardson

_____
Chris J. Richardson, Esq.
Nevada Bar No. 9166
Ashley Zurkan, Esq.
Nevada Bar No. 16473
6689 Las Vegas Blvd. South, Suite 200
Las Vegas, NV 89119
*Attorneys for Defendant Allied Universal*

Dated this 20th day of February, 2026.

LEWIS BRISBOIS BISGAARD & SMITH

/s/ Steven Abbott

_____
Steven B. Abbott, Esq.
Nevada Bar No. 10303
Steven L. Foremaster, Esq.
Nevada Bar No. 10350
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
*Attorneys for Defendants CMK 2300; Remedy Medical; United Healthcare*

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: February 23, 2026_____

2

 Outlook

---

### RE: Noble v. CMK 2300 et al: SAO to Amend Complaint

---

**From** Abbott, Steven <Steven.Abbott@lewisbrisbois.com>

**Date** Fri 2/20/2026 3:11 PM

**To** Winde Goldstein <winde@mriattorney.com>; Foremaster, Steven <Steven.Foremaster@lewisbrisbois.com>

**Cc** Richardson, Chris <chris.richardson@wilsonelser.com>; Halas, Cynthia <Cynthia.Halas@lewisbrisbois.com>; Scott Rogers <scott@mriattorney.com>; Margo Turcios <margo@mriattorney.com>; 'Sherline.Noble@mitchellrogersinjurylaw.filevineapp.com' <sherline.noble@mitchellrogersinjurylaw.filevineapp.com>; Zurkan, Ashley <ashley.zurkan@wilsonelser.com>; angela.clark@wilsonelser.com <angela.clark@wilsonelser.com>

Greetings:

Thanks for making those changes. You may affix my e-signature

Best

Steven



**Steven Abbott**
**Partner**
**Steven.Abbott@lewisbrisbois.com**

**T: 702.693.4370 F: 702.893.3789**

6385 South Rainbow Blvd., Suite 600, Las Vegas, NV 89118 | **LewisBrisbois.com**

**Representing clients from coast to coast. View our locations nationwide.**

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** Winde Goldstein <winde@mriattorney.com>
**Sent:** Thursday, February 19, 2026 9:25 AM
**To:** Abbott, Steven <Steven.Abbott@lewisbrisbois.com>; Foremaster, Steven <Steven.Foremaster@lewisbrisbois.com>
**Cc:** Richardson, Chris <chris.richardson@wilsonelser.com>; Halas, Cynthia <Cynthia.Halas@lewisbrisbois.com>; Scott Rogers <scott@mriattorney.com>; Margo Turcios <margo@mriattorney.com>; 'Sherline.Noble@mitchellrogersinjurylaw.filevineapp.com' <sherline.noble@mitchellrogersinjurylaw.filevineapp.com>; Zurkan, Ashley <ashley.zurkan@wilsonelser.com>; angela.clark@wilsonelser.com
**Subject:** Noble v. CMK 2300 et al: SAO to Amend Complaint

 **Outlook**

---

## RE: Noble v. CMK 2300 et al: SAO to Amend Complaint

**From** Richardson, Chris <Chris.Richardson@wilsonelser.com>

**Date** Wed 1/28/2026 7:23 PM

**To** Winde Goldstein <winde@mriattorney.com>; Bryan J. Ure <bure@murchisonlaw.com>; Brittany Lyons <blyons@murchisonlaw.com>; Foremaster, Steven <steven.foremaster@lewisbrisbois.com>; Abbott, Steven <steven.abbott@lewisbrisbois.com>; Zurkan, Ashley <Ashley.Zurkan@wilsonelser.com>

**Cc** Katherine Haman <khaman@murchisonlaw.com>; Nicole Garcia <ngarcia@murchisonlaw.com>; Halas, Cynthia <cynthia.halas@lewisbrisbois.com>; Scott Rogers <scott@mriattorney.com>; Margo Turcios <margo@mriattorney.com>; 'Sherline.Noble@mitchellrogersinjurylaw.filevineapp.com' <sherline.noble@mitchellrogersinjurylaw.filevineapp.com>

You have authority to submit with my signature.  Thank you,

Chris Richardson
Attorney at Law
Wilson Elser Moskowitz Edelman & Dicker LLP
6689 Las Vegas Blvd. South, Suite 200
Las Vegas, NV 89119
702.727.1269 (Direct)
702.727.1400 (Main)
702.727.1401 (Fax)
[chris.richardson@wilsonelser.com](mailto:chris.richardson@wilsonelser.com)

---

**From:** Winde Goldstein <winde@mriattorney.com>
**Sent:** Tuesday, January 27, 2026 9:26 AM
**To:** Bryan J. Ure <bure@murchisonlaw.com>; Brittany Lyons <blyons@murchisonlaw.com>; Foremaster, Steven <steven.foremaster@lewisbrisbois.com>; Abbott, Steven <steven.abbott@lewisbrisbois.com>; Richardson, Chris <Chris.Richardson@wilsonelser.com>; Zurkan, Ashley <Ashley.Zurkan@wilsonelser.com>
**Cc:** Katherine Haman <khaman@murchisonlaw.com>; Nicole Garcia <ngarcia@murchisonlaw.com>; Halas, Cynthia <cynthia.halas@lewisbrisbois.com>; Dube, Tiffany <Tiffany.Dube@wilsonelser.com>; Scott Rogers <scott@mriattorney.com>; Margo Turcios <margo@mriattorney.com>; 'Sherline.Noble@mitchellrogersinjurylaw.filevineapp.com' <sherline.noble@mitchellrogersinjurylaw.filevineapp.com>
**Subject:** Noble v. CMK 2300 et al: SAO to Amend Complaint

> EXTERNAL EMAIL - This email originated from outside the organization.

Good morning Counsel,

Attached please find the proposed Stipulation and Order to Amend Complaint to Substitute Parties, along with a copy of the Third Amended Complaint.  Please advise if we may submit the SAO with your electronic signature.

Thank you,

# Exhibit 1

# Exhibit 1

Scott L. Rogers, Esq.
Nevada Bar No. 13574
Scott@MRIattorney.com
Will C. Mitchell Esq.
Nevada Bar No. 14403
Will@MRIattorney.com
**MITCHELL ROGERS INJURY LAW**
9480 S. Eastern Ave., Suite 236
Las Vegas, Nevada 89123
Telephone: (702) 702-2622
Facsimile: (702) 505-8860
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SHERLINE NOBLE, individually | Case No.:    2:25-cv-01029-RFB-BNW |
| Plaintiff, | |
| vs. | **THIRD AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |
| CMK 2300 CHARLESTON, LLC, a Foreign Corporation; REMEDY MEDICAL PROPERTIES, INC., a Foreign Corporation; UNITED HEALTHCARE SERVICES, INC., UNIVERSAL PROTECTION SERVICE, LLC dba ALLIED UNIVERSAL SECURITY SERVICES, a Foreign Corporation; CBRE, INC., a Foreign Corporation; DOES I-X; and ROE CORPORATIONS V-X, inclusive, | |
| Defendants. | |

Plaintiff, SHERLINE NOBLE, by and through her counsel of record, Scott L. Rogers, Esq. and Will C. Mitchell, Esq. of MITCHELL ROGERS INJURY LAW, alleges against Defendants as follows:

### PARTIES AND JURISDICTION

1. Plaintiff, SHERLINE NOBLE, at all times herein mentioned, is and was a resident of Clark County, Nevada.

2. Upon information and belief, at all times relevant hereto, Defendant CMK 2300 CHARLESTON, LLC ("CMK"), is and was a Foreign Limited-Liability Company, duly licensed and authorized to conduct business in Clark County, Nevada.

1

3. Upon information and belief, at all times relevant hereto, Defendant REMEDY MEDICAL PROPERTIES, INC. ("REMEDY"), is and was a Foreign Corporation, duly licensed and authorized to conduct business in Clark County, Nevada.

4. Upon information and belief, at all times relevant hereto, Defendant UNITED HEALTHCARE SERVICES, INC. ("UNITED"), is and was a Foreign Corporation, duly licensed and authorized to conduct business in Clark County, Nevada.

5. Upon information and belief, at all times relevant hereto, Defendant UNIVERSAL PROTECTION SERVICE, LLC dba ALLIED UNIVERSAL SECURITY SERVICES ("ALLIED"), is and was a Foreign Corporation, duly licensed and authorized to conduct business in Clark County, Nevada.

6. Upon information and belief, at all times relevant hereto, Defendant CBRE, INC. ("CBRE"), is and was a Foreign Corporation, duly licensed and authorized to conduct business in Clark County, Nevada.

7. At all times relevant hereto, Defendants designated as DOES I-X and ROE CORPORATIONS V-X (the "DOE and ROE Defendants"), in their true capacities, whether individual, corporate, associate or otherwise of the Defendants named herein are unknown to Plaintiff who, therefore, sues said Defendants by said fictitious names. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated as DOES I-X and/or ROE CORPORATIONS V-X are responsible in some manner for the events and happenings referred to herein and caused damages proximately to Plaintiff as herein alleged. To the extent Plaintiff did not name a correct entity, Plaintiff will move to amend this Complaint to insert the true names and capacities of DOES I-X and ROE CORPORATIONS V-X when the same have been ascertained and to join such Defendants in this action.

8. At all relevant times, Defendants, and each of them, were the owners, agents, servants, partners, joint venturers, and/or employees of each and every other Defendant and were acting within the course and scope of their agency, partnership, joint venture, and/or employment, such that Defendants, and each of them, are liable for the negligence of each and every other Defendant. …

9. Exercise of jurisdiction by this Court over Defendants in this action is appropriate because Defendants resided or conducted business in Nevada, continue to reside and conduct business in Nevada, committed torts in Nevada, and the amount in controversy is in excess of $15,000.00.

### GENERAL FACTUAL ALLEGATIONS

10. Plaintiff incorporates and realleges the preceding paragraphs as though fully set forth herein.

11. Plaintiff is informed and believes, and thereon alleges, that at all relevant times, Defendant CMK owned, managed, controlled, or was otherwise responsible for the premises located at 2300 W. Charleston Blvd., Las Vegas, NV 89102 (the "Property") as well as the safety of invitees in and of this Property.

12. Plaintiff is informed and believes, and thereon alleges, that at all relevant times, Defendant REMEDY managed, controlled, or was otherwise responsible for the Property as well as the safety of invitees in and of this Property.

13. Plaintiff is informed and believes, and thereon alleges, that at all relevant times, Defendant UNITED and/or Defendant CBRE managed, controlled, or was otherwise responsible for the Property as well as the safety of invitees in and of this Property.

14. Plaintiff is informed and believes, and thereon alleges, that at all relevant times, Defendant REMEDY and/or Defendant UNITED and/or Defendant CBRE contracted ALLIED to provide security services for the Property, which services included ensuring the safety of the Property for guests, pedestrians and invitees by inspecting the Property for dangerous conditions, mitigating such dangerous conditions, and providing adequate warnings of such dangerous conditions.

15. Plaintiff is informed and believes, and thereon alleges, that at all relevant times, the DOE and ROE Defendants managed, controlled, or were otherwise responsible for the Property as well as the safety of invitees in and of this Property.

16. On or about January 31, 2023, Plaintiff was an invitee on the Property.

17. On or about January 31, 2023, Plaintiff was on the Property walking towards sliding glass doors marked "main entrance" when she slipped on a patch of ice that had accumulated on the Property (the "subject ice patch" or "the dangerous condition").

18. At all relevant times, the entrance was in a condition that was dangerous and hazardous to

3

invitees such as Plaintiff, as several patches of ice had accumulated near the sliding glass doors marked "main entrance."

19. That Defendants, and each of them, were aware of these patches of ice as there were "wet floor" signs on or adjacent to other patches of ice on the Property; however, there were no "wet floor" signs on or adjacent to the subject ice patch.

20. That the "wet floor" signs on or adjacent to other patches of ice on the Property did not serve to provide notice to invitees on the Property, such as Plaintiff, of the presence of the subject ice patch and dangerous condition of the same.

21. The dangerous condition on the Property caused Plaintiff to slip and fall, proximately causing severe injuries and damages to Plaintiff.

## FIRST CLAIM FOR RELIEF
### (NEGLIGENCE)

22. Plaintiff incorporates and realleges the preceding paragraphs as though fully set forth herein.

23. On or about January 31, 2023, Defendants, and each of them, exercised control over the Property.

24. At all relevant times, Defendants, and each of them, owed a duty to exercise due care to render the Property reasonably safe for its invitees and those entering the Property, including without limitation performing reasonable inspections to discover foreseeable dangerous and hazardous conditions and providing adequate warning to those who enter the Property of hazards actually or constructively known by the Defendants to exist.

25. At all relevant times, Defendants, and each of them, were on actual or constructive notice that the subject ice patch was dangerous and hazardous to those entering the Property, such as Plaintiff, in part because "wet floor" signed had been placed on or adjacent to other patches of ice on the Property, but not on the subject ice patch, rendering Plaintiff's injuries foreseeable.

26. At all relevant times, the Property, which Defendants, and each of them, owned, managed, controlled, or were otherwise responsible for, contained several medical offices, including but not limited to a cancer center, that treated ailing and elderly individuals, making injury arising from the presence of dangerous and hazardous conditions on the Property to invitees such as Plaintiff

4

especially foreseeable.

27. At all relevant times, Defendants, and each of them, breached their duty by negligently managing, maintaining, owning, or controlling the Property and allowing for the presence of a dangerous condition on the Property; which Defendants knew, or through the exercise of reasonable diligence should have known, posed a threat of injury and/or damage to Plaintiff.

28. At all relevant times, Defendants, and each of them breached their duty by negligently managing, maintaining, owning, or controlling the Property and failing to provide adequate warning of the dangerous condition on the Property.

29. As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff sustained injuries, trauma, pain and suffering, and shock to her system, and received medical and other treatment for her injuries that is continuing and ongoing, and may continue in the future, all to the damage of Plaintiff.

30. As a direct and proximate result of the negligence of this Defendant, Plaintiff has experienced limitations to her occupational and recreational activities, which have caused and shall continue to cause Plaintiff to have a loss of earning capacity, lost wages, physical impairment, mental anguish, and loss of enjoyment of life, in a presently unascertainable amount.

31. As a direct and proximate result of the negligence of this Defendant, Plaintiff sustained personal injuries, all or some of which conditions may be permanent and disabling, and all to Plaintiff's damage in a sum in excess of $15,000.00.

32. As a direct and proximate result of the negligence and wrongful acts of Defendants, and each of them, Plaintiff has been caused to retain MITCHELL ROGERS INJURY LAW to prosecute this matter and is entitled to reasonable attorney's fees and costs of suit herein.

## **PRAYER FOR RELIEF**

**WHEREFORE** Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For an award of general and special damages in excess of $15,000.00;

2. For an award of attorney's fees;

3. For costs of suit;

5

4.    For interest; and

5.    For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff, by and through her undersigned counsel of record, demands a trial by jury on all claims so triable.

Dated this ___ day of February, 2026.

MITCHELL ROGERS INJURY LAW

*/s/ Scott L. Rogers*

Will C. Mitchell, Esq.
Nevada Bar No. 14403
Scott L. Rogers, Esq.
Nevada Bar No. 13574
9480 S. Eastern Ave., Ste. 236
Las Vegas, Nevada 89123
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE
### *Noble v. CMK 2300 Charleston*

Pursuant to FRCP 5(b), I hereby certify that on this ___ day of February, 2026, a true and correct copy of the foregoing **PLAINTIFF'S THIRD AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** was served upon the following by the method indicated:

| | |
|---|---|
| Steven Abbott, Esq.<br>Steven L. Foremaster, Esq.<br>LEWIS BRISBOIS BISGAARD & SMITH<br>6385 S. Rainbow Boulevard, Suite 600<br>Las Vegas, Nevada 89118<br>*Attorneys for Defendants CMK 2300;*<br>*Remedy Medical; United Healthcare* | ☐ via U.S. Mail<br>☐ via Hand Delivery<br>☐ via Facsimile<br>☐ via Overnight Delivery<br>☒ via CM/ECF<br>☐ via Electronic Mail |

Chris J. Richardson, Esq.
Ashley Zurkan, Esq.
WILSON ELSER MOSKOWITZ EDELMAN & DICKER
6689 Las Vegas Blvd. South, Suite 200
Las Vegas, NV 89119
*Attorneys for Defendant Allied Universal*

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct.

*/s/ Margo Turcios*
Employee of MITCHELL ROGERS INJURY LAW

7

Will C. Mitchell Esq.
Nevada Bar No. 14403
Will@MRIattorney.com
Scott L. Rogers, Esq.
Nevada Bar No. 13574
Scott@MRIattorney.com
**MITCHELL ROGERS INJURY LAW**
9480 S. Eastern Ave., Suite 236
Las Vegas, Nevada 89123
Telephone: (702) 702-2622
Facsimile: (702) 505-8860
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SHERLINE NOBLE, individually<br><br>Plaintiff,<br><br>vs.<br><br>CMK 2300 CHARLESTON, LLC, a Foreign Corporation; REMEDY MEDICAL PROPERTIES, INC., a Foreign Corporation; UNITED HEALTHCARE SERVICES, INC., a Foreign Corporation; UNIVERSAL PROTECTION SERVICE, LLC dba ALLIED UNIVERSAL SECURITY SERVICES, a Foreign Corporation; DOES I-X; and ROE CORPORATIONS II-X, inclusive,<br><br>Defendants. | Case No.:   2:25-cv-01029-RFB-BNW<br><br><br>**STIPULATION AND ORDER TO AMEND COMPLAINT TO SUBSTITUTE PARTIES** |

IT IS HEREBY STIPULATED by and between the parties, through their counsel of record, that Plaintiff's Complaint be amended as follows:

(1) CBRE, INC. be substituted into this matter in the place of one of the ROE CORPORATION Defendant designations.

…

…

…

…

…

1

Plaintiff's Third Amended Complaint, which includes the amendment to which the parties have stipulated, is attached hereto as "**Exhibit 1.**" The parties, by and through their counsel of record, stipulate that the filing of Plaintiff's Third Amended Complaint constitutes service of the same on all parties who have already made an appearance in this action.

**IT IS SO STIPULATED.**

Dated this 27th day of January, 2026.

MITCHELL ROGERS INJURY LAW

/s/ Scott L. Rogers

Will C. Mitchell, Esq.
Nevada Bar No. 14403
Scott L. Rogers, Esq.
Nevada Bar No. 13574
9480 S. Eastern Ave., Suite 236
Las Vegas, Nevada 89123
*Attorneys for Plaintiff*

Dated this 28th day of January, 2026.

WILSON ELSER MOSKOWITZ EDELMAN & DICKER

/s/ Chris Richardson

Chris J. Richardson, Esq.
Nevada Bar No. 9166
Ashley Zurkan, Esq.
Nevada Bar No. 16473
6689 Las Vegas Blvd. South, Suite 200
Las Vegas, NV 89119
*Attorneys for Defendant Allied Universal*

Dated this 20th day of February, 2026.

LEWIS BRISBOIS BISGAARD & SMITH

/s/ Steven Abbott

Steven B. Abbott, Esq.
Nevada Bar No. 10303
Steven L. Foremaster, Esq.
Nevada Bar No. 10350
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
*Attorneys for Defendants CMK 2300; Remedy Medical; United Healthcare*

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

DATED:_____

2

 **Outlook**

---

## RE: Noble v. CMK 2300 et al: SAO to Amend Complaint

| | |
|---|---|
| **From** | Abbott, Steven <Steven.Abbott@lewisbrisbois.com> |
| **Date** | Fri 2/20/2026 3:11 PM |
| **To** | Winde Goldstein <winde@mriattorney.com>; Foremaster, Steven <Steven.Foremaster@lewisbrisbois.com> |
| **Cc** | Richardson, Chris <chris.richardson@wilsonelser.com>; Halas, Cynthia <Cynthia.Halas@lewisbrisbois.com>; Scott Rogers <scott@mriattorney.com>; Margo Turcios <margo@mriattorney.com>; 'Sherline.Noble@mitchellrogersinjurylaw.filevineapp.com' <sherline.noble@mitchellrogersinjurylaw.filevineapp.com>; Zurkan, Ashley <ashley.zurkan@wilsonelser.com>; angela.clark@wilsonelser.com <angela.clark@wilsonelser.com> |

Greetings:

Thanks for making those changes. You may affix my e-signature

Best

Steven



**Steven Abbott**
**Partner**
**Steven.Abbott@lewisbrisbois.com**

**T: 702.693.4370 F: 702.893.3789**

6385 South Rainbow Blvd., Suite 600, Las Vegas, NV 89118 | **LewisBrisbois.com**

**Representing clients from coast to coast. View our locations nationwide.**



This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

---

**From:** Winde Goldstein <winde@mriattorney.com>
**Sent:** Thursday, February 19, 2026 9:25 AM
**To:** Abbott, Steven <Steven.Abbott@lewisbrisbois.com>; Foremaster, Steven <Steven.Foremaster@lewisbrisbois.com>
**Cc:** Richardson, Chris <chris.richardson@wilsonelser.com>; Halas, Cynthia <Cynthia.Halas@lewisbrisbois.com>; Scott Rogers <scott@mriattorney.com>; Margo Turcios <margo@mriattorney.com>; 'Sherline.Noble@mitchellrogersinjurylaw.filevineapp.com' <sherline.noble@mitchellrogersinjurylaw.filevineapp.com>; Zurkan, Ashley <ashley.zurkan@wilsonelser.com>; angela.clark@wilsonelser.com
**Subject:** Noble v. CMK 2300 et al: SAO to Amend Complaint

 **Outlook**

---

## RE: Noble v. CMK 2300 et al: SAO to Amend Complaint

---

**From** Richardson, Chris <Chris.Richardson@wilsonelser.com>

**Date** Wed 1/28/2026 7:23 PM

**To** Winde Goldstein <winde@mriattorney.com>; Bryan J. Ure <bure@murchisonlaw.com>; Brittany Lyons <blyons@murchisonlaw.com>; Foremaster, Steven <steven.foremaster@lewisbrisbois.com>; Abbott, Steven <steven.abbott@lewisbrisbois.com>; Zurkan, Ashley <Ashley.Zurkan@wilsonelser.com>

**Cc** Katherine Haman <khaman@murchisonlaw.com>; Nicole Garcia <ngarcia@murchisonlaw.com>; Halas, Cynthia <cynthia.halas@lewisbrisbois.com>; Scott Rogers <scott@mriattorney.com>; Margo Turcios <margo@mriattorney.com>; 'Sherline.Noble@mitchellrogersinjurylaw.filevineapp.com' <sherline.noble@mitchellrogersinjurylaw.filevineapp.com>

You have authority to submit with my signature.  Thank you,

Chris Richardson
Attorney at Law
Wilson Elser Moskowitz Edelman & Dicker LLP
6689 Las Vegas Blvd. South, Suite 200
Las Vegas, NV 89119
702.727.1269 (Direct)
702.727.1400 (Main)
702.727.1401 (Fax)
chris.richardson@wilsonelser.com

---

**From:** Winde Goldstein <winde@mriattorney.com>
**Sent:** Tuesday, January 27, 2026 9:26 AM
**To:** Bryan J. Ure <bure@murchisonlaw.com>; Brittany Lyons <blyons@murchisonlaw.com>; Foremaster, Steven <steven.foremaster@lewisbrisbois.com>; Abbott, Steven <steven.abbott@lewisbrisbois.com>; Richardson, Chris <Chris.Richardson@wilsonelser.com>; Zurkan, Ashley <Ashley.Zurkan@wilsonelser.com>
**Cc:** Katherine Haman <khaman@murchisonlaw.com>; Nicole Garcia <ngarcia@murchisonlaw.com>; Halas, Cynthia <cynthia.halas@lewisbrisbois.com>; Dube, Tiffany <Tiffany.Dube@wilsonelser.com>; Scott Rogers <scott@mriattorney.com>; Margo Turcios <margo@mriattorney.com>; 'Sherline.Noble@mitchellrogersinjurylaw.filevineapp.com' <sherline.noble@mitchellrogersinjurylaw.filevineapp.com>
**Subject:** Noble v. CMK 2300 et al: SAO to Amend Complaint

> EXTERNAL EMAIL - This email originated from outside the organization.

Good morning Counsel,

Attached please find the proposed Stipulation and Order to Amend Complaint to Substitute Parties, along with a copy of the Third Amended Complaint.  Please advise if we may submit the SAO with your electronic signature.

Thank you,

# Exhibit 1

# Exhibit 1

Scott L. Rogers, Esq.
Nevada Bar No. 13574
Scott@MRIattorney.com
Will C. Mitchell Esq.
Nevada Bar No. 14403
Will@MRIattorney.com
**MITCHELL ROGERS INJURY LAW**
9480 S. Eastern Ave., Suite 236
Las Vegas, Nevada 89123
Telephone: (702) 702-2622
Facsimile: (702) 505-8860
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SHERLINE NOBLE, individually | Case No.: 2:25-cv-01029-RFB-BNW |
| Plaintiff, | |
| vs. | |
| CMK 2300 CHARLESTON, LLC, a Foreign Corporation; REMEDY MEDICAL PROPERTIES, INC., a Foreign Corporation; UNITED HEALTHCARE SERVICES, INC., UNIVERSAL PROTECTION SERVICE, LLC dba ALLIED UNIVERSAL SECURITY SERVICES, a Foreign Corporation; CBRE, INC., a Foreign Corporation; DOES I-X; and ROE CORPORATIONS V-X, inclusive, | **THIRD AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiff, SHERLINE NOBLE, by and through her counsel of record, Scott L. Rogers, Esq. and Will C. Mitchell, Esq. of MITCHELL ROGERS INJURY LAW, alleges against Defendants as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff, SHERLINE NOBLE, at all times herein mentioned, is and was a resident of Clark County, Nevada.

2. Upon information and belief, at all times relevant hereto, Defendant CMK 2300 CHARLESTON, LLC ("CMK"), is and was a Foreign Limited-Liability Company, duly licensed and authorized to conduct business in Clark County, Nevada.

1

3. Upon information and belief, at all times relevant hereto, Defendant REMEDY MEDICAL PROPERTIES, INC. ("REMEDY"), is and was a Foreign Corporation, duly licensed and authorized to conduct business in Clark County, Nevada.

4. Upon information and belief, at all times relevant hereto, Defendant UNITED HEALTHCARE SERVICES, INC. ("UNITED"), is and was a Foreign Corporation, duly licensed and authorized to conduct business in Clark County, Nevada.

5. Upon information and belief, at all times relevant hereto, Defendant UNIVERSAL PROTECTION SERVICE, LLC dba ALLIED UNIVERSAL SECURITY SERVICES ("ALLIED"), is and was a Foreign Corporation, duly licensed and authorized to conduct business in Clark County, Nevada.

6. Upon information and belief, at all times relevant hereto, Defendant CBRE, INC. ("CBRE"), is and was a Foreign Corporation, duly licensed and authorized to conduct business in Clark County, Nevada.

7. At all times relevant hereto, Defendants designated as DOES I-X and ROE CORPORATIONS V-X (the "DOE and ROE Defendants"), in their true capacities, whether individual, corporate, associate or otherwise of the Defendants named herein are unknown to Plaintiff who, therefore, sues said Defendants by said fictitious names. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated as DOES I-X and/or ROE CORPORATIONS V-X are responsible in some manner for the events and happenings referred to herein and caused damages proximately to Plaintiff as herein alleged. To the extent Plaintiff did not name a correct entity, Plaintiff will move to amend this Complaint to insert the true names and capacities of DOES I-X and ROE CORPORATIONS V-X when the same have been ascertained and to join such Defendants in this action.

8. At all relevant times, Defendants, and each of them, were the owners, agents, servants, partners, joint venturers, and/or employees of each and every other Defendant and were acting within the course and scope of their agency, partnership, joint venture, and/or employment, such that Defendants, and each of them, are liable for the negligence of each and every other Defendant.

…

9. Exercise of jurisdiction by this Court over Defendants in this action is appropriate because Defendants resided or conducted business in Nevada, continue to reside and conduct business in Nevada, committed torts in Nevada, and the amount in controversy is in excess of $15,000.00.

### GENERAL FACTUAL ALLEGATIONS

10. Plaintiff incorporates and realleges the preceding paragraphs as though fully set forth herein.

11. Plaintiff is informed and believes, and thereon alleges, that at all relevant times, Defendant CMK owned, managed, controlled, or was otherwise responsible for the premises located at 2300 W. Charleston Blvd., Las Vegas, NV 89102 (the "Property") as well as the safety of invitees in and of this Property.

12. Plaintiff is informed and believes, and thereon alleges, that at all relevant times, Defendant REMEDY managed, controlled, or was otherwise responsible for the Property as well as the safety of invitees in and of this Property.

13. Plaintiff is informed and believes, and thereon alleges, that at all relevant times, Defendant UNITED and/or Defendant CBRE managed, controlled, or was otherwise responsible for the Property as well as the safety of invitees in and of this Property.

14. Plaintiff is informed and believes, and thereon alleges, that at all relevant times, Defendant REMEDY and/or Defendant UNITED and/or Defendant CBRE contracted ALLIED to provide security services for the Property, which services included ensuring the safety of the Property for guests, pedestrians and invitees by inspecting the Property for dangerous conditions, mitigating such dangerous conditions, and providing adequate warnings of such dangerous conditions.

15. Plaintiff is informed and believes, and thereon alleges, that at all relevant times, the DOE and ROE Defendants managed, controlled, or were otherwise responsible for the Property as well as the safety of invitees in and of this Property.

16. On or about January 31, 2023, Plaintiff was an invitee on the Property.

17. On or about January 31, 2023, Plaintiff was on the Property walking towards sliding glass doors marked "main entrance" when she slipped on a patch of ice that had accumulated on the Property (the "subject ice patch" or "the dangerous condition").

18. At all relevant times, the entrance was in a condition that was dangerous and hazardous to

3

invitees such as Plaintiff, as several patches of ice had accumulated near the sliding glass doors marked "main entrance."

19. That Defendants, and each of them, were aware of these patches of ice as there were "wet floor" signs on or adjacent to other patches of ice on the Property; however, there were no "wet floor" signs on or adjacent to the subject ice patch.

20. That the "wet floor" signs on or adjacent to other patches of ice on the Property did not serve to provide notice to invitees on the Property, such as Plaintiff, of the presence of the subject ice patch and dangerous condition of the same.

21. The dangerous condition on the Property caused Plaintiff to slip and fall, proximately causing severe injuries and damages to Plaintiff.

## FIRST CLAIM FOR RELIEF
### (NEGLIGENCE)

22. Plaintiff incorporates and realleges the preceding paragraphs as though fully set forth herein.

23. On or about January 31, 2023, Defendants, and each of them, exercised control over the Property.

24. At all relevant times, Defendants, and each of them, owed a duty to exercise due care to render the Property reasonably safe for its invitees and those entering the Property, including without limitation performing reasonable inspections to discover foreseeable dangerous and hazardous conditions and providing adequate warning to those who enter the Property of hazards actually or constructively known by the Defendants to exist.

25. At all relevant times, Defendants, and each of them, were on actual or constructive notice that the subject ice patch was dangerous and hazardous to those entering the Property, such as Plaintiff, in part because "wet floor" signed had been placed on or adjacent to other patches of ice on the Property, but not on the subject ice patch, rendering Plaintiff's injuries foreseeable.

26. At all relevant times, the Property, which Defendants, and each of them, owned, managed, controlled, or were otherwise responsible for, contained several medical offices, including but not limited to a cancer center, that treated ailing and elderly individuals, making injury arising from the presence of dangerous and hazardous conditions on the Property to invitees such as Plaintiff

especially foreseeable.

27.  At all relevant times, Defendants, and each of them, breached their duty by negligently managing, maintaining, owning, or controlling the Property and allowing for the presence of a dangerous condition on the Property; which Defendants knew, or through the exercise of reasonable diligence should have known, posed a threat of injury and/or damage to Plaintiff.

28.  At all relevant times, Defendants, and each of them breached their duty by negligently managing, maintaining, owning, or controlling the Property and failing to provide adequate warning of the dangerous condition on the Property.

29.  As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff sustained injuries, trauma, pain and suffering, and shock to her system, and received medical and other treatment for her injuries that is continuing and ongoing, and may continue in the future, all to the damage of Plaintiff.

30.  As a direct and proximate result of the negligence of this Defendant, Plaintiff has experienced limitations to her occupational and recreational activities, which have caused and shall continue to cause Plaintiff to have a loss of earning capacity, lost wages, physical impairment, mental anguish, and loss of enjoyment of life, in a presently unascertainable amount.

31.  As a direct and proximate result of the negligence of this Defendant, Plaintiff sustained personal injuries, all or some of which conditions may be permanent and disabling, and all to Plaintiff's damage in a sum in excess of $15,000.00.

32.  As a direct and proximate result of the negligence and wrongful acts of Defendants, and each of them, Plaintiff has been caused to retain MITCHELL ROGERS INJURY LAW to prosecute this matter and is entitled to reasonable attorney's fees and costs of suit herein.

## **PRAYER FOR RELIEF**

**WHEREFORE** Plaintiff prays for judgment against Defendants, and each of them, as follows:

1.   For an award of general and special damages in excess of $15,000.00;

2.   For an award of attorney's fees;

3.   For costs of suit;

5

4. For interest; and

5. For such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiff, by and through her undersigned counsel of record, demands a trial by jury on all claims so triable.

Dated this ___ day of February, 2026.

MITCHELL ROGERS INJURY LAW

*/s/ Scott L. Rogers*

Will C. Mitchell, Esq.
Nevada Bar No. 14403
Scott L. Rogers, Esq.
Nevada Bar No. 13574
9480 S. Eastern Ave., Ste. 236
Las Vegas, Nevada 89123
*Attorneys for Plaintiff*

6

## CERTIFICATE OF SERVICE
### *Noble v. CMK 2300 Charleston*

Pursuant to FRCP 5(b), I hereby certify that on this ___ day of February, 2026, a true and correct copy of the foregoing **PLAINTIFF'S THIRD AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** was served upon the following by the method indicated:

| | |
|---|---|
| Steven Abbott, Esq.<br>Steven L. Foremaster, Esq.<br>LEWIS BRISBOIS BISGAARD & SMITH<br>6385 S. Rainbow Boulevard, Suite 600<br>Las Vegas, Nevada 89118<br>*Attorneys for Defendants CMK 2300;*<br>*Remedy Medical; United Healthcare* | ☐ via U.S. Mail<br>☐ via Hand Delivery<br>☐ via Facsimile<br>☐ via Overnight Delivery<br>☒ via CM/ECF<br>☐ via Electronic Mail |

Chris J. Richardson, Esq.
Ashley Zurkan, Esq.
WILSON ELSER MOSKOWITZ EDELMAN & DICKER
6689 Las Vegas Blvd. South, Suite 200
Las Vegas, NV 89119
*Attorneys for Defendant Allied Universal*

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct.

/s/ *Margo Turcios*
Employee of MITCHELL ROGERS INJURY LAW

7