

CHRIS J. RICHARDSON, ESQ.
Nevada Bar No. 9166
E-mail: Chris.Richardson@wilsonelser.com
ASHLEY ZURKAN, ESQ.
Nevada Bar No. 16473
E-mail: Ashley.Zurkan@WilsonElser.com
6689 Las Vegas Boulevard South, Suite 200
Las Vegas, NV 89119
Tel: 702.727.1400/Fax: 702.727.1401
Attorneys for Defendant Universal Protection Service,
LLC dba Allied Universal Security Services

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SHERLINE NOBLE,<br><br>               Plaintiff,<br><br>vs.<br><br>CMK 2300 CHARLESTON, LLC, a Foreign Corporation; REMEDY MEDICAL PROPERTIES, INC., a Foreign Corporation; UNITED HEALTHCARE SERVICES, INC., UNIVERSAL PROTECTION SERVICE, LLC dba ALLIED UNIVERSAL SECURITY SERVICES, a Foreign Corporation; DOES I-X; and ROE CORPORATIONS II-X, inclusive,<br><br>               Defendants. | Case No.: 2:25-cv-01029-RFP-BNW<br><br>**Stipulated Protective Order** |

IT IS HEREBY STIPULATED AND AGREED, by the undersigned attorneys for the respective parties, subject to Supreme Court Rules, Part VII Rules Governing Sealing and Redacting Court Records, Rule 3, that with regard to material disclosed in the course of the above-captioned lawsuit ("Lawsuit") which are alleged to constitute or contain trade secrets or other confidential research, development, or commercial information of the parties ("Confidential Material"), the following procedures shall govern:

325999625v.1

1. This Order is meant to encompass all forms of disclosure which may contain Confidential Material, including any document, pleading, motion, exhibit, declaration, policy, affidavit, deposition transcript, inspection and all other electronic and tangible items.

2. The parties may designate any Confidential Material produced or filed in this Lawsuit as confidential and subject to the terms of this Order by marking such materials "Confidential." If any material has multiple pages, this designation need only be placed on the first page of such material, in the corner so as not to obstruct the visibility, readability or searchability of the document. Any material designated as "Confidential" shall not be disclosed to any person or entity, except to the parties, counsel for the respective parties, consultants and expert witnesses assisting counsel in this Lawsuit.

3. Any material designated as confidential pursuant to paragraph 2 above shall be used solely for the purposes of this Lawsuit and for no other purpose.

4. Only counsel of record in this Lawsuit shall be permitted to disseminate Confidential Material. Upon dissemination of any Confidential Material, each non-designating counsel of record in this Lawsuit shall maintain a written record as to: (1) the identity of any person given Confidential Material, and (2) the identity of the Confidential Material so disseminated (such as by "Bates stamp" number). Such record shall be made available to the designating party upon request, except for consultants

5. If additional persons become parties to this Lawsuit, they shall not have access to any Confidential Material until they execute and provide to other counsel their written agreement to be bound by the terms of this Order.

6. If a party wishes to attach Confidential Material to a motion or other filing with the Court, then that party will file that exhibit temporarily under seal in accordance with the Court rules. If the designating party believes that the release of the Confidential Material is adverse to the terms of this stipulation, then the designating party will bring a motion to seal the exhibit.

7. If a party believes that any Confidential Material does not contain confidential information, it may contest the applicability of this Order to such information by notifying the designating party's counsel in writing and identifying the information contested. The parties shall have

-2-

325999625v.1

-3-

fourteen days after such notice to meet and confer and attempt to resolve the issue. If the dispute is not resolved within such period, the party seeking the protection shall have thirty days in which to make a motion for a protective order with respect to contested information. Information that is subject to a dispute as to whether it is properly designated shall be treated as designated in accordance with the provisions of this Order until the Court issues a ruling. If the designating party fails to bring a timely motion, the documents shall no longer be considered confidential.

8. Inadvertent failure to designate any material "Confidential" shall not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within fifteen days after discovery of the inadvertent failure. At such time, arrangements shall be made by the parties to designate the material "Confidential" in accordance with this Order.

9. This Order shall be without prejudice to the right of any party to oppose production of any information or object to its admissibility into evidence.

10. When any counsel of record in this Lawsuit or any attorney who has executed a Confidentiality Agreement becomes aware of any violation of this Order, or of facts constituting good cause to believe that a violation of this Order may have occurred, such attorney must report that there may have been a violation of this Order to the Court and all counsel of record.

11. After the termination of this Lawsuit (whether by dismissal or final judgment), all Confidential Material (including all copies) shall be maintained confidential, and/or destroyed in accordance with counsel's document retention policy.

/ / /

/ / /

-3-

325999625v.1

Case No.: 2:25-cv-01029-RFP-BNW
*Sherline Noble v. CMK 2300 Charleston, LLC, et. al.*

12. After the termination of this Lawsuit, the provisions of this Order shall continue to be binding and this Court shall retain jurisdiction over the parties and any other person who has access to documents and information produced pursuant to this Order for the sole purpose of enforcement of its provisions.

DATED this 4th day of June, 2026.

**MITCHELL ROGERS INJURY LAW**

*/s/ Scott L. Rogers*
Scott L. Rogers, Esq.
Nevada Bar No. 13574
9480 S. Eastern Avenue, Ste. 236
Las Vegas, Nevada 89123
*Attorneys for Plaintiff*

**LEWIS BRISBOIS BISGAARD & SMITH**

*/s/ Steven Abbott*
Steven B. Abbott, Esq.
Nevada Bar No. 10303
Steven L. Foremaster, Esq.
Nevada Bar No. 10350
6385 S. Rainbow Blvd. #600
Las Vegas, Nevada 89145
*Attorneys for Defendants CMK, United Healthcare & Remedy*

**VAUGHN & MARIAS**

*/s/ Kenneth Marias*
Kenneth M. Marias, Esq.
Nevada Bar No. 5062
6671 S. Las Vegas Blvd., Suite 215,
Las Vegas, NV 89119
*Attorneys for CBRE, Inc.*

Respectfully Submitted By:

*/s/ Chris Richardson*
Chris J. Richardson, Esq.
Nevada Bar No. 9166
Ashley Zurkan, Esq.
Nevada Bar No. 16473
6689 Las Vegas Boulevard South, Suite 200
Las Vegas, NV 89119
*Attorneys for Universal Protection Service, LLC dba Allied Universal Security Services*

IT IS SO ORDERED. Additionally, all motions to seal must comply with Local Rule IA 10-5, *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), and *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

_____
UNITED STATES MAGISTRATE JUDGE

____June 8, 2026_____
DATED

-4-

325999625v.1